# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-051-KDB-DCK

| | |
|---|---|
| EARTHKIND, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **CONSENT PROTECTIVE ORDER** |
| LEBERMUTH COMPANY INC. AND ROBERT M. BROWN, | ) |
| Defendants. | ) |
| v. | ) |
| KARI WARBERT BLOCK, | ) |
| Third-Party Defendant. | ) |

WHEREAS, this 25th day of October, 2019, it is hereby STIPULATED and AGREED between Plaintiff EarthKind, LLC, Defendants The Lebermuth Company Inc. and Robert M. Brown, and Third-Party Defendant Kari Walberg Block (collectively "the Consenting Parties"), and it is hereby ORDERED by the Court, that the following terms and conditions shall govern the use and handling of Confidential Information and documents produced by the Consenting Parties in the above-captioned matter ("this Litigation"):

1. **Scope.** All documents and data, including electronically stored information, produced in the course of discovery, all responses to discovery requests, and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery shall be subject to this Consent Protective Order (the "Protective Order").

2.      **Purpose.** All documents, data, and information obtained through discovery in this Litigation shall be used only for the purposes of prosecuting or defending this Litigation.

3.      **"Confidential Information" Defined.** "Confidential Information" shall mean any and all information produced in the course of discovery or trial that a party deems in good faith to contain proprietary, technical, financial, sensitive personal, or confidential research, development, or commercial information that is not publicly available.

4.      **"Attorney Eyes Only Information" Defined.** The term "Attorney Eyes Only Information" or "AEO Information" shall mean any and all information produced in the course of discovery or trial that a party deems in good faith to contain extremely sensitive, highly confidential, or trade secret information that, if disclosed to another party or non-party, would create a substantial risk of harm that could not be avoided by less restrictive means.

5.      **Access to Confidential Information.** Access to documents and information designated as CONFIDENTIAL shall be restricted to the following persons:

    (a)     parties to this Litigation and the officers and employees of the parties who are directly participating in the prosecution or defense of this Litigation;

    (b)     law firms of record of the parties to this Litigation and such firms' attorneys and staff;

    (c)     any person specially employed or engaged in this Litigation by a party or its attorneys as an expert, consultant, or vendor;

    (d)     the Court and its personnel;

    (e)     court reporters and videographers retained to transcribe or record depositions and court proceedings in this matter;

    (f)     private arbitrators and mediators;

(g) any person who is indicated on the face of a document to have been an author, addressee, or recipient of the document, or the source of the information; and

(h) any other person as agreed upon by the parties to this action in writing or authorized by the Court.

6. **Access to Attorney Eyes Only Information.** Access to documents and information designated as ATTORNEY EYES ONLY, including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 5(b) through 5(h). With the exception of the party producing a document or information designated as ATTORNEY EYES ONLY, other parties to this Litigation are not permitted to access or review documents or information designated ATTORNEY EYES ONLY.

7. **Exhibit A to Protective Order**. Persons identified in paragraphs 5(c) and 5(h) above shall be provided Documents designated CONFIDENTIAL or ATTORNEY EYES ONLY under this Protective Order only after they have agreed in writing to be bound by the terms of the Protective Order, in the form attached as "**Exhibit A**."

8. **Form and Timing of Designation.** The party wishing to designate the material (the "Producing Party") shall designate the whole or part of any documents as Confidential Information or AEO Information by stamping or imprinting the words CONFIDENTIAL or ATTORNEY EYES ONLY upon every page of the produced copies of the document at the time of production. The party receiving the CONFIDENTIAL or AEO material shall be referred to as the "Receiving Party." Such designations shall be utilized in good faith and only in accordance with the definition of Confidential Information and AEO Information as described herein.

9. **Documents Produced by Non-Parties.** In the case of documents produced by non-parties pursuant to subpoena, a party wishing to designate such material as CONFIDENTIAL or ATTORNEY EYES ONLY shall so notify counsel for all other parties in writing. If the party wishing to designate such material as CONFIDENTIAL or AEO is the party who served the subpoena, then counsel for that party shall make such designation promptly upon receipt of the subpoenaed material, and shall thereafter promptly provide counsel for all other parties with copies of the subpoenaed material (including the material designated as CONFIDENTIAL or AEO). Counsel for any other party wishing to designate such material as CONFIDENTIAL or AEO shall be allowed to examine the subpoenaed material promptly upon receipt by counsel for the subpoenaing party and shall be allowed to designate any such material as CONFIDENTIAL or AEO prior to the release of the subpoenaed material to any person or party. Upon such designation, counsel for the subpoenaing party shall thereafter promptly provide counsel for all other parties with copies of the subpoenaed material (including that material designated as CONFIDENTIAL or AEO).

10. **Demands for Production by Non-Parties.** No CONFIDENTIAL or ATTORNEY EYES ONLY materials or portions of such materials shall be disclosed to any governmental agency or otherwise made public, specifically including posting on the Internet, except in compliance with the terms of this Order. In the event the Receiving Party receives a demand, subpoena, or other request to produce any CONFIDENTIAL or ATTORNEY EYES ONLY materials from any non-party, including any government agency or judicial body, the Receiving Party shall immediately notify the Producing Party or Producing Non-Party of the demand, subpoena, or other request, and shall not produce the requested materials without first giving the Producing Party or Producing Non-Party an opportunity to oppose the requested production.

11. **Inadvertent Production.** Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL or ATTORNEY EYES ONLY shall not be deemed a waiver, in whole or in part, of the right to designate documents. In the event that the producing person inadvertently fails to designate discovery material as CONFIDENTIAL or ATTORNEY EYES ONLY, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the Consenting Party to whom production has been made shall treat the designated discovery material as Confidential or AEO subject to its right to dispute such designation in accordance with Paragraph 15 below.

12. **Effect on Attorney-Client Privilege and Work Product Immunity.** This order is entered subject to Federal Rule of Evidence 502(d).

(a) The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or private proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(b) The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a document containing privileged or work product material has been produced. Upon receiving written notice from the Producing Party that privileged or work product material has been produced, all such information shall be returned to the Producing Party within ten (10) business days of receipt of such notice, and the Receiving Party shall not use such information for any purpose until further Order of the Court. The Receiving

Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

(c) The Receiving Party may contest the privilege or work product designation by the Producing Party, shall give the Producing Party written notice of the reason for the disagreement, and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. However, the Receiving Party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the Receiving Party shall, within fifteen (15) business days from the initial notice by the Producing Party, seek an Order from the Court compelling production of the material. If no such Order is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed document shall be returned in accordance with this paragraph.

(d) Any analyses, memoranda or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes and shall be destroyed in the event that: (a) the Receiving Party does not contest that the information is privileged; or (b) the Court rules that the information is privileged or work product. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that: (a) the Producing Party agrees in writing that the information is not privileged or work product; or (b) the Court rules that the information is not privileged or work product.

12. **Depositions.** In the case of deposition testimony, CONFIDENTIAL or ATTORNEY EYES ONLY designations may be made during the deposition and in any event shall be made within thirty (30) days after the final transcript has been received by counsel making the

designation and shall specify the testimony being designated confidential by page and line number(s). The deposition testimony shall be treated as confidential until final designations are made within thirty (30) days after receipt of the final transcript.

13. **Protection of Confidential or AEO Information.** Documents designated CONFIDENTIAL or ATTORNEY EYES ONLY under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below for any purposes other than preparing for and conducting this Litigation in which the documents were disclosed (including any appeal).

14. **Filing and Use at Trial.** This Protective Order does not restrict or limit the use of documents designated as Confidential or AEO at any hearing or trial. However, in the event a party in this litigation or a third-party wants to file with or submit to the Court any document designated as Confidential or AEO, that party shall first notify the designating party and attempt to reach an agreement regarding filing or redaction of the Confidential or AEO information. If an agreement cannot be reached as to presentation of the Confidential or AEO information, the party seeking to file or use the document shall seek permission from the Court to file or submit said information under seal.

15. **Challenges to Designation as Confidential or AEO Information.** In the event counsel for the party receiving materials designated as CONFIDENTIAL or ATTORNEY EYES ONLY objects to the designation, said counsel shall advise the party producing the materials, in writing, preferably by electronic mail, of such objection and the reasons therefore. Pending resolution of the dispute, all of the materials shall be treated as designated. Counsel will attempt to resolve the dispute within five business days. If the dispute cannot be resolved among counsel, the party objecting to the designation of a document as CONFIDENTIAL or ATTORNEY EYES

ONLY may submit a motion objecting to such designation with the Court. The burden to sustain the designation CONFIDENTIAL or ATTORNEY EYES ONLY is upon the designating party. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any document as CONFIDENTIAL or ATTORNEY EYES ONLY, or preventing any party from seeking further protection for any material it produces in discovery.

16. **Scope of Discovery.** This Protective Order shall not enlarge or affect the proper scope of discovery in this Litigation or any other litigation, nor shall this Protective Order imply that discovery material designated as CONFIDENTIAL or ATTORNEY EYES ONLY under the terms of this Protective Order is properly discoverable, relevant, or admissible in this Litigation or any other litigation.

17. **Treatment on Conclusion of Litigation.** The terms of this Protective Order shall survive and remain in effect after the termination of this Litigation. The Consenting Parties shall take such measures as are necessary to prevent the public disclosure of Confidential or AEO Information, through inadvertence or otherwise, after the conclusion of this Litigation.

18. **Return of Confidential or AEO Information.** Following the termination of this Litigation, whether by adjudication on the merits, settlement, or otherwise, upon request of the Producing Party, all Confidential or AEO Information, and all copies thereof, all extracts, tabulations and compilations, thereof, in any form whatsoever, shall be returned to counsel for the Producing Party. Alternatively, the Consenting Parties may agree in writing upon appropriate methods of destroying documents containing Confidential or AEO Information. The ultimate disposition of Confidential or AEO Information is subject to a final order of the Court upon completion of this Litigation.

19. **Treatment of a Party's Own Confidential Materials.** Any Party may expressly waive in writing the applicability of any provision of this Order to any of the Party's own CONFIDENTIAL or ATTORNEY EYES ONLY materials. The waiver will apply only to the CONFIDENTIAL or ATTORNEY EYES ONLY materials, or to portions to which the applicability of any provision of this Agreement is expressly waived. A partial waiver as to certain CONFIDENTIAL or ATTORNEY EYES ONLY materials or portions does not constitute a waiver as to the remainder of the CONFIDENTIAL or ATTORNEY EYES ONLY materials or portions.

20. **Order Subject to Modification.** This Protective Order shall be subject to modification on motion of any Consenting Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order. The Protective Order shall not, however, be modified until the Consenting Parties shall have been given notice and an opportunity to be heard on the modification.

21. **No Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Protective Order shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or ATTORNEY EYES ONLY is subject to protection until such time as a document-specific ruling shall have been made.

22. **Persons Bound.** This Protective Order shall take effect when signed and filed by counsel for the parties and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

23. **Order Continuing.** This Order shall survive settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain

continuing jurisdiction in order to enforce the terms of this Order. The ultimate disposition of any material produced hereunder shall be subject to a final order of the Court upon completion of the litigation.

    **SO ORDERED**.

Signed: October 28, 2019

David C. Keesler
United States Magistrate Judge

WE CONSENT:

/s/Christopher D. Tomlinson
Scott M. Tyler
N.C. Bar No. 23300
Christopher D. Tomlinson
N.C. Bar No. 38811
Kathryn G. Wellman
N.C. Bar No. 51163
**MOORE & VAN ALLEN PLLC**
100 North Tryon Street, Floor 47
Charlotte, North Carolina 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
scotttyler@mvalaw.com
christomlinson@mvalaw.com
katewellman@mvalaw.com
*Attorneys for Plaintiff/Third-Party Defendant*

/s/Phoebe N. Coddington
Sara R. Lincoln
N.C. Bar No. 22744
Phoebe N. Coddington
N.C. Bar No. 35218
Lincoln Derr PLLC
4350 Congress Street, Suite 575
Charlotte, NC 28209
Telephone: (704) 496-4500
Facsimile: (866) 393-6043
sara.lincon@lincolnderr.com
phoebe.coddington@lincolnderr.com
*Attorneys for Defendants/Counterclaim/Third-Party Plaintiffs*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:19-cv-00051-GCM

| | |
|---|---|
| EARTHKIND, LLC, <br>     Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> THE LEBERMUTH COMPANY INC. and ROBERT M. BROWN, <br><br>     Defendants/Counterclaimants/ Third-Party Plaintiffs. <br><br> v. <br><br> KARI WARBERG BLOCK, <br><br>     Third-Party Defendant. | ACKNOWLEDGMENT OF CONFIDENTIAL INFORMATION AND AGREEMENT TO ABIDE BY PROTECTIVE ORDER |

I, _____, hereby affirm that:

Information, including documents and things designated as CONFIDENTIAL or ATTORNEY EYES ONLY as defined in the Consent Protective Order ("Protective Order") entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

As a prior condition to me being permitted to receive, see, or review any Confidential or AEO Information, I have been given a copy of the aforementioned Protective Order, I have read it, and I agree to be bound by its terms.

I understand that the Protective Order is a Court Order that is legally binding upon me. I hereby agree to submit to the jurisdiction of the United States District Court for the Western

District of North Carolina for enforcement of any claimed violation of the terms of the Protective Order or this Acknowledgement, and agree that such jurisdiction shall survive the termination of this action.

I agree not to use any Confidential or AEO Information disclosed to me pursuant to the Protective Order except for purposes of the above-referenced litigation and not to disclose such information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated such information CONFIDENTIAL or ATTORNEY EYES ONLY or by Order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and its binding effect on them.

I understand that I am to retain all documents or materials designated as Confidential or AEO Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by me containing any Confidential or AEO Information are to be returned to counsel who provided me with such documents and materials.

_____
SIGNATURE

_____
PRINTED NAME

_____
DATE