IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00051-KDB-DCK

EARTHKIND, LLC,

    Plaintiff/Counterclaim Defendant,

v.

THE LEBERMUTH COMPANY INC. and ROBERT M. BROWN,

    Defendant/Counterclaim/
    Third-Party Plaintiffs,

v.

KARI WARBERG BLOCK and JAMES JOHN BLOCK, II,

    Third-Party Defendants.

**ORDER**

**THIS MATTER** is before the Court on Defendants The Lebermuth Company, Inc.'s ("Lebermuth") and Robert M. Brown's ("Brown") (collectively, "Defendants") Motion to Compel Production and to Authorize Defendants' Perfumery Expert to Conduct Tests. (Doc. No. 63). Defendants move the Court for an order compelling Plaintiff Earthkind, LLC ("Earthkind") to produce a sample of the oil currently used in its Fresh Cab product and to permit Defendants' perfumery expert, Jim Fuchs, to perform tests on the oil in accordance with the Amended Consent Protective Order (Doc. No. 52) and the Consent Protocol for Handling Physical Evidence (Doc. No. 47). For the reasons more fully explained below, the Court will grant Defendants' request to compel Earthkind to produce a sample of the oil but deny Defendants' request to authorize Jim Fuchs, an employee of Lebermuth, to receive and test the oil sample. Instead, the Court will order the Defendants to obtain an independent expert, one that is not an employee of Lebermuth, to

1

receive and test the oil. Additionally, the Court will designate the oil sample as "Attorney Eyes Only."

## I. BACKGROUND

Between 2005 and May 2017, Lebermuth supplied a fragrance product called "Canadian Wilderness Oil" to Earthkind which Earthkind then used in its rodent repellant called "Fresh Cab." Relevant to this motion are Defendants' counterclaims for breach of contract, violation of the Trade Secrets Protection Act, and unfair and deceptive trade practices against Earthkind, Kari Block, and James John Block. Defendants allege that Earthkind, Kari Block, and James Block violated the parties' confidentiality and non-disclosure agreements when they used Defendants' confidential information to reverse engineer Canadian Wilderness Oil. In particular, Defendants allege that they worked with a third-party, International Flavors and Fragrances, Inc. ("IFF"), to create a duplicate of Lebermuth's Canadian Wilderness Oil that IFF then sold to Earthkind to use in its Fresh Cab product.

On August 19, 2020, Defendants served their second set of discovery requests on Earthkind. Defendants requested a sample of the current oil used in Earthkind's Fresh Cab, which is oil produced by IFF. Earthkind objected to the request on the grounds that the oil "may be subject to confidentiality restrictions between Earthkind and [IFF]"; "[t]he protective order is unlikely to protect such information because it likely will be shared with Jim Fuchs of Lebermuth, direct competitor to IFF"; and "to the extent Defendants seek a sample of the oil supplied by IFF, Defendants should request that production from IFF directly." (Doc. Nos. 64, at 4; 64-1, at 9-10).

On September 15, 2020, Defendants served a subpoena on IFF requesting, among other things, a copy of the formula for the oil used in Earthkind's Fresh Cab. Defendants also prepared an Amended Consent Protective Order so certain confidentiality protections would be extended to

2

third-parties like IFF. IFF produced an ingredient list but has refused to produce a copy of formula on the grounds that such information is a trade secret, commercially sensitive, and proprietary information.

The parties have engaged in discussions over production of a sample of the oil since the discovery responses but have been unable to come to an agreement about production of the oil. Accordingly, Defendants filed the present motion requesting the Court compel Earthkind to produce a sample of the oil.

## II. LEGAL STANDARD

The rules of discovery are to be accorded broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *CareFirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 37 of the Federal Rules of Civil Procedure allows a party to move for an order compelling discovery after the parties have conferred or attempted to confer in an effort to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(1).

## III. DISCUSSION

In response to Defendants' Motion to Compel, Earthkind argues that Defendants' Motion disregards the highly confidential nature of IFF's oil and that any sample of the oil should be sought from IFF directly. Additionally, Earthkind argues that production of IFF's oil is irrelevant and not proportional to the needs of this case because Defendants already received an ingredient

3

list from IFF showing that the oils are not the same. Finally, Earthkind vehemently opposes Jim Fuchs, Lebermuth's in-house perfumer expert, receiving and testing the sample oil.

However, Earthkind's confidentiality concerns can be adequately protected by the Amended Consent Order and designation of "Attorney Eyes Only." Furthermore, there is no question that Earthkind is in possession of the requested oil (having purchased it from IFF) and Defendants may properly seek a sample of the oil from Earthkind. As for Earthkind's proportionality argument, obtaining a sample of the oil is highly relevant to Defendants' claims that Earthkind worked with IFF to reverse engineer Canadian Wilderness Oil. While an ingredient list of IFF's oil has been produced, Defendants correctly point out that an ingredient list is insufficient to determine whether or not IFF's oil is materially different from Lebermuth's Canadian Wilderness Oil. For example, the ingredient list does not contain percentages for each ingredient. It is possible that the different ingredients make up only a small percentage of the formula and the differences between the oils are not material. Moreover, Defendants claim that the fragrance industry often uses synonyms for the same ingredients and that at least one of the ingredients on IFF's list is the same as an ingredient in Lebermuth's Canadian Wilderness Oil but is listed as a different name. A sample of the oil and the ability to test the oil is thus highly relevant to Defendant's counterclaim and is proportional to the needs of the case.

Regarding who should test the oil, Earthkind opposes production of the oil to Defendants' perfumer expert Jim Fuchs. Fuchs is Lebermuth's Perfumer and Manager of Research and Development, and played a crucial role in developing the formula for Lebermuth's Canadian Wilderness Oil. Earthkind is concerned Fuchs may reverse engineer IFF's oil for Lebermuth's benefit if he receives and tests the sample. Accordingly, Earthkind asks that if the Court orders a sample of the oil to be produced, it require the sample be produced to an independent expert who

4

does not work for and has not worked for Lebermuth. The Court finds that Earthkind's concerns are appropriately addressed by designating the sample of IFF's oil "Attorney Eyes Only" and ordering Defendants to identify an independent expert, who is not and has not been an employee of Lebermuth, to receive and test the sample oil.

## IV. ORDER

**IT IS THEREFORE ORDERED** that:

(1) Defendants' Motion to Compel, (Doc. No. 63), is **GRANTED** to the extent that it requests Earthkind produce a sample of IFF's oil, but **DENIED** to the extent it requests the Court authorize Jim Fuchs to receive and test the oil sample;

(2) Earthkind **SHALL** produce a sample of the IFF oil used in its Fresh Cab product within 7 days pursuant to the Consent Protocol for Handling Physical Evidence (Doc. No. 47). The sample oil shall be designated as "Attorney Eyes Only;" and

(3) Defendants **SHALL** identify an expert, who is not and has not been an employee of Lebermuth, to receive and test the sample oil.

**SO ORDERED**.

Signed: January 19, 2021

Kenneth D. Bell
United States District Judge