IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00051-KDB-DCK

| | |
|---|---|
| EARTHKIND, LLC, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> THE LEBERMUTH COMPANY INC. and ROBERT M. BROWN, <br><br> Defendants/Counterclaim/ <br> Third-Party Plaintiffs, <br><br> v. <br><br> KARI WARBERG BLOCK and JAMES JOHN BLOCK, II, <br><br> Third-Party Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' and Third-Party Plaintiffs' (The Lebermuth Company ("Lebermuth") and Robert Brown (collectively, "Defendants")) Motion to Strike (Doc. No. 84), Plaintiff/Counterclaim Defendant EarthKind, LLC's ("EarthKind") and Third-Party Defendants' (Kari Warberg Block and James Block (collectively, "the Blocks")) Motion for Summary Judgment (Doc. No. 86), and Defendants/Counterclaim and Third-Party Plaintiffs Lebermuth's and Brown's Motion for Summary Judgment (Doc. No. 88). Because there are numerous genuine disputes of material fact that preclude summary judgment in favor of any party, the Court will deny the motions for summary judgment. The Court will also deny Defendants' Motion to Strike and defer ruling on the admissibility of Dr. Tremblay's expert testimony.

1

# I. SUMMARY JUDGMENT

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. *Smith v. Collins*, 964 F.3d 266, 274 (4th Cir. 2020). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court therefore cannot weigh the evidence or make credibility determinations." *Id*. at 569 (citing *Mercantile Peninsula Bank v. French* (*In re French*), 499 F.3d 345, 352 (4th Cir. 2007)).

In reviewing the parties' nearly 150 pages of supporting, opposition, and reply briefs (together with hundreds more pages of exhibits), one point is abundantly clear—there are multiple genuinely disputed issues of material fact that make summary judgment for either party inappropriate. In general, the parties do not dispute the well-established legal rules governing their claims. Rather, they argue about the application of stridently disputed facts to those standards.

EarthKind and the Blocks move for summary judgment on Defendants' trade secret misappropriation, breach of contract, and unfair and deceptive trade practices claims, as well as all personal claims against Mr. Block and partial summary judgment on the issue of damages for Defendants' breach of contract claim. In EarthKind's and the Blocks' summary of the facts, Defendants' CWO formula was public information and therefore EarthKind never disclosed confidential information or misappropriated a trade secret. Defendants' version of events is

markedly different. Defendants argue that EarthKind and the Blocks learned confidential information through the course of the parties' relationship, which EarthKind and the Blocks then used—along with other publicly available information—to reproduce Lebermuth's CWO. The parties' dispute over what evidence was or was not confidential is a question of fact that should be resolved by a jury and not by the Court on summary judgment. As for the personal claims against Jim Block, the Court agrees—at this time—that Defendants are entitled to seek damages from Mr. Block personally in the event EarthKind and Ms. Block contend that Mr. Block's activities were outside his scope as an employee of EarthKind.

The Court does not reach (and need not reach at this time) EarthKind's and the Blocks' argument for partial summary judgment on damages. A party claiming breach of contract is generally limited to recovering loss actually suffered, and damages are intended to put the party in the same position it would have been if the contract had not been breached. *See Indiana & Michigan Elec. Co. v. Terre Haute, Industries, Inc.*, 507 N.E.2d 588, 602 (Ind. Ct. App. 1987); *Hassett v. Dixie Furniture Co.*, 425 S.E.2d 683, 685 (N.C. Ct. App. 1993). Royalties, unjust enrichment/disgorgement, and lost profits may be appropriate alternative methods to prove Defendants' damages for their breach of contract claim. Evidence of how Defendants formulate their loss can be argued at a later time.

Likewise, Defendants' Motion for Summary Judgment on EarthKind's claims is based on various genuinely disputed material facts that preclude summary judgment. For instance, Defendants argue that the statute of limitations bars EarthKind's claims, but it is clear from the parties' briefs that there are multiple factual disputes that must be decided before the statute of limitations can be properly applied. EarthKind's breach of contract and breach of warranty claims also turn on a number of genuinely disputed facts, as does whether EarthKind justifiably relied on

Defendants' representations. These factual questions are reserved for the jury and should not be resolved by the Court on summary judgment.

In sum, the Court finds there are numerous issues of material fact that preclude summary judgment for either party. The answers to these factual disputes must be found at trial, where the jury will have a full opportunity to weigh the evidence and assess the credibility of the witnesses. Accordingly, the Court will deny both motions for summary judgment.

## II. MOTION TO STRIKE

Defendants seek to strike EarthKind's rebuttal expert report by Mario Tremblay, PhD, pursuant to Federal Rules of Evidence 702 and 403. (Doc. No. 84). Dr. Tremblay issued a written expert report rebutting the conclusions reached by Defendants' expert Jim Fuchs. Dr. Tremblay's report proffered two conclusions. (Doc. No. 85-1). First, Dr. Tremblay opined that Mr. Fuchs's report is incomplete, but even his limited information shows that the products are not duplicates. Second, Dr. Tremblay opined that Mr. Fuchs's conclusion that EarthKind reverse engineered CWO (with assistance from IFF) was incorrect, and that EarthKind had used a trial-and-error process to create a new formula.

Defendants' original motion mainly challenged Dr. Tremblay's second conclusion—that EarthKind did not reverse-engineer CWO. Defendants argued Dr. Tremblay's opinion was contrary to established evidence in the record, specifically the Second Affidavit of David Ballingall, an IFF employee,[1] and the report of Defendants' independent expert witness, David Pappas. In addition, Defendants asserted that Dr. Tremblay's opinion should be excluded for failure to apply any principles of methodology because Dr. Tremblay did not perform a chemical

---

[1] David Ballingall's Second Affidavit was issued after Dr. Tremblay's report, and Dr. Tremblay did not have Ballingall's Second Affidavit at the time of his report or deposition.

analysis or even smell the products. Lastly, because of the difficulty in evaluating expert testimony, Defendants contended that Dr. Tremblay's report would mislead the jury and should be excluded by Rule 403.

After Defendants filed their Motion to Strike, EarthKind served Defendants with two supplements to Dr. Tremblay's opinion. The first supplement gave Defendants notice that Dr. Tremblay would rebut the expert report of David Pappas. (Doc. No. 102-1). Like Mr. Fuchs's expert report, Mr. Pappas opines that EarthKind's oil is a duplicate of CWO. Mr. Pappas's report was issued on March 12, 2021, months after Dr. Tremblay's report and deposition. Dr. Tremblay issued his supplement informing Defendants that he intended to rebut Mr. Pappas's opinion on April 12, 2021. However, the supplement to Dr. Tremblay's report does not explain what parts of Mr. Pappas's report he will rebut or how he will rebut Mr. Pappas's conclusions. It merely states:

> This supplemental disclosure provides formal notice that I will also offer rebuttal testimony to the opinions and testimony of Mr. Pappas. Specifically, I disagree with Mr. Pappas's opinion in his report dated March 12, 2021, that the oils he analyzed are duplicates. I have formed the opinion that the oils Mr. Pappas analyzed are not duplicates. My opinion is based on the analysis and information in Mr. Pappas' [sic] lab report, which demonstrates the oils are not duplicates, and my experience and analysis, as set forth in my expert report.

(Doc. No. 102-1).

The second supplement to Dr. Tremblay's report withdrew his opinion that IFF did not reverse-engineer CWO. (Doc. No. 93-1). EarthKind opposes Defendants' Motion to the extent it seeks to strike Dr. Tremblay's two other opinions, namely that he disagrees with Mr. Fuchs's opinion and Mr. Pappas's opinion that the oils are duplicates. EarthKind argues Dr. Tremblay's report and testimony are appropriate rebuttal evidence to Defendants' experts Mr. Fuchs and Mr. Pappas.

Even with the withdrawal of Dr. Tremblay's opinion that IFF did not reverse-engineer CWO, Defendants argue in their reply brief that Dr. Tremblay's opinion should still be stricken because

5

he "failed to employ any principles or methods to support his opinions, rendering his opinions untrustworthy and into the realm of *ipse dixit*." (Doc. No. 102, at 1).

Under Federal Rule of Evidence 702, "[a] district court considering the admissibility of expert testimony exercises a gate-keeping function to assess whether the proffered evidence is sufficiently reliable and relevant." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). "Relevant evidence, of course, is evidence that helps 'the trier of fact to understand the evidence or to determine a fact in issue.'" *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993)). "Rule 702 was intended to liberalize the introduction of relevant expert evidence." *Westberry*, 178 F.3d at 261 (citing *Cavallo v. Star Enter.*, 100 F.3d 1150, 1158-59 (4th Cir. 1996)). Therefore, the court "need not determine that the expert testimony . . . is irrefutable or certainly correct . . . . As with all other admissible evidence, expert testimony is subject to being tested by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Id.* (citation omitted) (quoting *Daubert*, 509 U.S. at 596).

Federal Rule of Civil Procedure 26 permits parties to submit expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). "Rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party." *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004). When offering rebuttal expert testimony, the expert has "no burden to produce models or methods of their own; they need only attack those of the [opposing party's] experts. At a minimum, however, rebuttal experts must meet *Daubert*'s threshold standards regarding the qualifications of the expert, sufficiency of the data, reliability of the methodology, and relevance of the testimony." *Scott v. Chipotle Mexican Grill*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016).

Because Dr. Tremblay is a rebuttal expert, he is not required to produce models or methods of his own; he need only attack the opposing party's expert opinions. In his written opinion, Dr. Tremblay criticizes Mr. Fuchs's lack of chromatograms in his expert report, his conclusion that EarthKind's product is a duplication of CWO based on a chart showing the ingredient percentages of the two oils, and his percentage calculations. Dr. Tremblay bases his opinion off of his experience as a PhD chemist with over 30 years of experience in the perfume and scent industry. As a rebuttal witness, Dr. Tremblay's role is to undermine the soundness of EarthKind's experts' conclusions. His report does so, and many of Defendants' complaints about Dr. Tremblay's report can be handled on a rigorous cross-examination. While Dr. Tremblay does not detail his rebuttal opinion with regards to Mr. Pappas's report to the same extent as he does Mr. Fuchs's, his supplement suggests he will similarly attempt to undermine Mr. Pappas's report. Based on the limited briefing before the Court and in light of Dr. Tremblay's partial withdrawal of his opinion (which was the main basis of Defendants' initial Motion), the Court will deny Defendants' Motion to Strike at this time. The parties may discuss how to make further challenges to the admissibility of Dr. Tremblay's opinion at the status conference and hearing on June 10, 2021.

### III.  ORDER

**IT IS THEREFORE ORDERED** that:

1. EarthKind's and the Block's Motion for Summary Judgment, (Doc. No. 86), is **DENIED**;

2. Defendants' Motion for Summary Judgment, (Doc. No. 88), is **DENIED**;

3. Defendants' Motion to Strike, (Doc. No. 84), is **DENIED;**

4. This case shall **proceed to trial on the merits** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED.**

Signed: June 1, 2021

Kenneth D. Bell
United States District Judge